UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SCOTT CZEWSKI,

        Plaintiff,                          Case No. 1:14-CV-406

v.                                            HON. GORDON J. QUIST

KVH INDUSTRIES, INC., a Delaware
Corporation,

        Defendant.
_____/

## OPINION

Plaintiff, Scott Czewski, filed a complaint in the Circuit Court for Kent County against Defendant, KVH Industries, alleging a claim for breach of contract. Defendant removed the case to this Court and moved to dismiss Plaintiff's claim. For the reasons discussed below, the Court will grant Defendant's motion.

**Background**

In 2001, Defendant recruited Plaintiff to work as a commission-based independent representative. (Dkt. #12 at Page ID #12.) On September 1, 2002, the parties entered into an agreement requiring Defendant to pay Plaintiff a commission for certain sales. (*Id.* at Page ID ##12-13.) The agreement included a choice-of-law provision that stated: "Controlling law. The validity, interpretation, and performance of this Agreement shall be controlled by and construed under the laws of the state of **Rhode Island**." (*Id.* at Page ID #23 (emphasis in original).)

In August 2004, Plaintiff received access to Defendant's management program. (*Id.* at Page ID #14.) Using that program, Plaintiff calculated that Defendant had failed to pay him roughly

$240,000 in commissions to which he was entitled. (*Id.*) On March 14, 2014, Plaintiff filed a complaint in the instant action alleging a single claim for breach of contract.

**Discussion**

The dispute in this case concerns whether the statute of limitations of Michigan or Rhode Island governs Plaintiff's claim. Defendant argues that Michigan's statute of limitations, which requires a plaintiff to bring a claim for breach of contract within six years after the claim accrues, bars Plaintiff's claim. Plaintiff asserts that the choice-of-law clause in the contract dictates that Rhode Island's ten-year statute of limitations applies. At the heart of this dispute is the issue of whether statutes of limitations are procedural or substantive.

The Sixth Circuit has held that "contractual choice-of-law clauses incorporate only substantive law, not procedural provisions such as statutes of limitations." *Cole v. Mileti*, 133 F.3d 433, 437 (6th Cir. 1998) (citing *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994); *Charash v. Oberlin Coll.*, 14 F.3d 291, 299 (6th Cir. 1994)). Plaintiff argues that the rule applied in *Cole* and the cases it cites is not applicable because those cases were not brought in Michigan courts or under Michigan law. The Sixth Circuit has indicated, however, that the rule stated in those cases extends to cases brought under Michigan law. *See Imaging Fin. Servs., Inc. v. Lettergraphics/Detroit, Inc.*, No. 97-1930, 1999 WL 115473, at *4 (6th Cir. Feb, 9, 1999) (citing *Cole*, 133 F.3d at 437). Federal district courts in Michigan have also applied the rule stated in *Cole*. *See Citizens Bank v. Merrill, Lynch, Pierce, Fenner and Smith, Inc.*, No. 11-cv-14502, 2012 WL 5828623, at *3 (E.D. Mich. July 6, 2012); *Shaw v. Rivers White Water Rafting Resort*, No. 02-10171-BC, 2002 WL 31748919, at *4 (E.D. Mich. Nov. 14, 2002). Accordingly, the Court finds that under Michigan law, a choice-of-law provision incorporates only substantive, and not procedural, law.

Michigan courts have traditionally held that "statutes of limitations are regarded as procedural, not substantive, in nature." *Lothian v. City of Detroit*, 414 Mich. 160, 166, 324 N.W.2d

9, 13 (1982). Plaintiff argues, however, that this rule was reversed by the Michigan Supreme Court's decision in *Gladych v. New Family Homes*, 468 Mich. 594, 644 N.W. 2d 705 (2003). In that case, the court addressed a conflict between a court rule and a statute regarding statutes of limitations. *Id.* at 600, 644 N.W. 2d at 708. The court explained that if a statute concerns a matter that is "purely procedural and pertains only to the administration of the courts," the court rule controls. *Id.* If, however, the statute concerns "a principle of public policy, having as its basis something other than court administration," the statute controls. *Id.* The court ultimately held that "[s]tatutes regarding periods of limitations are substantive in nature," and thus supersede court rules. *Id.* at 600-01, 644 N.W. 2d at 708-09.

*Gladych* held that statutes of limitations are procedural for purposes of resolving a conflict between a court rule and statute. It did not address whether statutes of limitations are procedural or substantive in other contexts, such as in determining whether a choice-of-law clause applies. The Restatement (Second) Conflict of Laws warns against extending the holdings of cases that differentiate between "procedural" and "substantive" rules for the purpose of applying local rules:

> [C]haracterizations [between procedural and substantive rules], while harmless in themselves, have led some courts into unthinking adherence to precedents that have classified a given issue as 'procedural' or 'substantive,' regardless of what purposes were involved in the earlier classifications. Thus, for example, a decision classifying burden of proof as 'procedural' for local law purposes, such as in determining the constitutionality of a statute that retroactively shifted the burden, might mistakenly be held controlling on the question whether burden of proof is 'procedural' for choice-of-law purposes.

Restatement (Second) Conflict of Laws ¶ 122. Michigan courts appear to have avoided this pitfall, as decisions from the Michigan Court of Appeals issued after *Gladych* have found that statutes of limitations are procedural in nature. *See Davis v. State Emps.' Ret. Bd.*, 272 Mich. App. 151, 160, 725 N.W. 2d 56, 62 (2006) ("In a general sense, statues of limitations are regarded as procedural in nature."); *Hatcher v. State Farm Mut. Auto. Ins.*, 269 Mich. App. 596, 605, 712 N.W. 2d 744, 750

3

(2005) (noting that "[a] statute of limitations is a procedural, not substantive, rule") (alteration in original) (internal quotations omitted).

The Court finds that *Gladych*'s holding was limited to conflicts between court rules and statutes, and does not extend to choice-of-law determinations. The Court will therefore follow Michigan's traditional rule that statutes of limitations are procedural in nature. Accordingly, the Court finds that Rhode Island's statute of limitations was not incorporated into the choice-of-law clause at issue in this case, and that Michigan's statute of limitations applies to Plaintiff's claim. *See Cole*, 133 F.3d at 437.

## Conclusion

Michigan's six-year statute of limitations, rather than Rhode Island's longer statute of limitations, is applicable to Plaintiff's claim. Because Plaintiff did not file his complaint within six years of the time his claim accrued, it is time-barred in Michigan. Accordingly, the Court will grant Defendant's motion to dismiss.[1]

An order consistent with this opinion will follow.

Dated: June 26, 2014              /s/ Gordon J. Quist
                                  GORDON J. QUIST
                                  UNITED STATES DISTRICT JUDGE

---

[1] Although Plaintiff has not indicated an intention to file an action in Rhode Island, the Court will dismiss the action without prejudice to allow Plaintiff to re-file in Rhode Island if he chooses to do so.